CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAY 16 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ROSE G. BOULDIN, | ) | CASE NO. 4:04CV00045 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JO ANNE B. BARNHART, | ) | By:  B. Waugh Crigler |
| Commissioner of | ) | U. S. Magistrate Judge |
| Social Security, | ) | |
| | ) | |
| Defendant, | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's February 21, 2002 application for a period of disability and disability insurance benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING the case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 39 years old with a twelfth grade education and with past relevant work as a cashier/stocker, was insured for disability

1

benefits through the date of his decision. (R. 18, 29.) The Law Judge found that plaintiff suffered a severe physical impairment or combination of impairments which the Law Judge never specifically identified, but that she did not suffer any severe mental impairment. (R. 25-26, 29.) The Law Judge was of the view that none of plaintiff's impairments, alone or in combination, met or equaled any listed impairment, and that plaintiff's allegations about the limitations produced by her impairments were not totally credible. (R. 29.) He further determined that, though plaintiff could not perform her past relevant work, she was able to perform light work which did not involve lifting more than 20 pounds occasionally and 10 pounds frequently, stand/walk more than 6 hours in an eight-hour day, sit more than 6 hours, climb ladders/ropes/scaffolds, and the Law Judge accounted for other exertional and nonexertional limitations. By application of the Medical-Vocational Guidelines to plaintiff's exertional limitations, and by reference to some of the evidence adduced by a vocational expert (VE), the Law Judge concluded that jobs were available to the plaintiff, and that she was not disabled under the Act. (R. 30.)

The Appeals Council determined there was no basis to review the Law Judge's decision and denied review. (R. 6-8.) Thus, the Council adopted the Law Judge's decision as a final decision of the Commissioner, and this action ensued.

The Commissioner regulatorily is granted some latitude in resolving inconsistencies in evidence and the court reviews the Law Judge's factual determinations only for clear error. 20 C.F.R. §§ 404.1527 and 416.927; *See also, Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). In the end, if the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence then the Commissioner's final decision must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). However, whether substantial evidence supports the

Commissioner's decision and whether the correct legal standards were applied are questions of law. *See*, 42 U.S.C.A. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390; *Hancock v. Barnhart, supra.*; *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

With this in mind, the Commissioner may not reject plaintiff's statements about the intensity of subjective symptoms, such as pain, "solely because objective medical evidence does not substantiate [plaintiff's] statements." 20 C.F.R.§§ 404.1529(c)(2) and 416.929(c)(2). No objective evidence of the symptom itself is required, but objective medical evidence must exist of a medically determinable impairment which could reasonably be expected to produce the symptom alleged. 20 C.F.R. §§ 404.1529(a)-(b) and 416.929(a)-(b); *See also, Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); *Foster v. Heckler*, 780 F.2d 1125 (4th Cir. 1986). Furthermore, where the claimant has proved an inability to perform his/her past relevant work, the burden shifts to the Commissioner to produce evidence that alternate gainful activity is available in significant numbers to the claimant. 20 C.F.R. §§ 404.1520 and 416.920. Should non-exertional limitations be present, the Commissioner is not permitted to discharge that burden by relying on the grids, but instead, she must present vocational evidence in order for the testimony of a VE. 20 C.F.R. §§ 404,1569 and 416.969, Appendix II, § 200.00(e). For vocational evidence to be relevant, the Law Judge must properly set out in hypothetical questions to the VE all of plaintiff's impairments and their effects which are shown by the substantial evidence. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Otherwise, the Commissioner will not be seen as having discharged her sequential burden.

Plaintiff presented a *prima facie* case of disability by demonstrating her inability to perform her past relevant work. Thus, the focus of attention is drawn to the Law Judge's resolution of plaintiff's credibility, his findings concerning her residual functional capacity and

3

the nature and effect of the vocational evidence adduced at the hearing. When distilled, plaintiff's treating evidence through 2002 reveals that plaintiff has suffered a number of diagnosable conditions including fibromyalgia, hypertension, urinary incontinence, interstitial cystitis, carpel tunnel syndrome, obesity, depression, endometriosis, and she has undergone a number of surgical procedures. (See R. 324 for medical and surgical history through July 2002.) Moreover, she was diagnosed as suffering degenerative disc disease with lumbar facet syndrome and sarcodisis, ruling out, however, any nerve pathology. (R. 455.)

Objective testing did not disclose any further impairments, and the record fails to reveal that any of her treating sources were of the view that she was unable to perform gainful activity. In fact, during the entire period of her treatment, plaintiff has been encouraged to exercise, in order to help her symptomology and to impact her obesity, as the records reflect that in late 2002, plaintiff was 5'2" and weighed 230 pounds. (R. 272, 440.)

In 2003, plaintiff underwent further diagnostic testing and examination in Martinsville, Virginia, apparently after falling in December, 2002 at her home. (R. 475-479.) A diagnosis based on plaintiff's subjective symptoms was that she suffered post-traumatic headache and neck ache as a result of her fall. (R. 279.) The record reveals a radiology report dated December 28, 2002, not long after her fall, which was normal in that it was "negative for acute injury or acute intercranial process." (R. 480.)

The state agency did secure a consultative review of the record which included a work-related functional capacities evaluation and a psychiatric review technique. (R. 290-314.) The capacities evaluation indicated that plaintiff could perform exertional activities in the light work category, though there were some postural limitations. (R. 290-297.) The psychiatric review technique revealed that plaintiff had not seen any counselor or psychologist since May 2, 2002

4

and that there were no limitations on plaintiff's ability to work. ( R.310, 313.) As indicated, other than the plaintiff's own complaints about the degree to which she is limited by her impairments, she has not offered any treating evidence contradicting the views of the state agency consultants.

This is an important factor to the undersigned because, absent evidence from treating sources which conflicted with that offered by the record consultants, the Law Judge was at liberty to accept those opinions not only to form a basis for his determination of plaintiff's credibility, but also to determine plaintiff's work-related capacity. 20 C.F.R. §§ 404.1527-404.1529. In turn, his findings concerning plaintiff's functional capacity could provide a substantial evidentiary basis for the evidence offered by the VE. In that connection, the VE identified jobs available in at least the sedentary category to a person with plaintiff's limitations as hypothesized by the questions posed. (R. 530-534.) He did indicate, however, that if the plaintiff's testimony about pain and its impact on concentration were taken into account, the work would be "part-time," leaving a significant question about whether that would suffice to discharge the Commissioner's burden in the evaluation. (R. 534-535.) Nevertheless, the Law Judge did not fully credit plaintiff's testimony in this regard.[1]

Having reviewed the record, it is the undersigned's view that there is substantial evidence to support the Commissioner's final decision. Thus, the undersigned, RECOMMENDS that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING the case from the docket of the court.

---

[1] While the Law Judge referenced plaintiff's daily activities in the body of his decision, it does not appear that he made any determination of their effect on plaintiff's physical abilities, though his observations of her activities apparently led to a conclusion she does not suffer a severe mental impairment. (R. 25-26, 27.) That finding is supported by the substantial medical evidence as well.

5

The Clerk is directed to immediately transmit the record in this case to the Hon. Jackson L. Kiser, Senior United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C.A. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
United States Magistrate Judge
DATE: May 16, 2005